# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 1:17-cr-63 |
| ) | |
| KORI BROADY, ) | Hon. Charles R. Norgle |
| ) | |
| Defendant. ) | |

## OPINION

Defendant Kori Broady, also known as Kuran Hadid El, also known as Xavier De Indios ("Defendant") was indicted on February 1, 2017, for conceiving and carrying out a scheme to defraud the Internal Revenue Service ("IRS") out of over $500,000.00, by filing tax returns for multiple non-existent entities and estates. Following a jury trial, Defendant was convicted on all five counts in the Indictment. Before the Court is Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. For the following reasons, Defendant's motion is denied.

## BACKGROUND

Defendant was indicted on February 1, 2017, for conceiving and carrying out a scheme to defraud the Internal Revenue Service ("IRS") out of over $500,000.00, through: the filing of false federal estate and trust income tax returns (Counts 1 and 2), in violation of 18 U.S.C. § 1341; filing false claims with the IRS (Counts 3 and 4), in violation of 18 U.S.C. § 287; and for converting monies rightfully belonging to the United States to his personal use (Count 5), in violation of 18 U.S.C. § 641. On February 2, 2017, Defendant entered a plea of not guilty and voluntarily waived his right to counsel but requested standby counsel, a request the Court granted.

**At Trial**

From April 10, 2018 through April 12, 2018, the Court conducted a jury trial where, along with the assistance of standby counsel, Defendant was prosecuted for and convicted of the five counts in the February 1, 2017 Indictment. At trial, the Government called a number of witnesses. Among those witnesses called was Kristy Morgan, a witness coordinator for the IRS. Ms. Morgan's "main responsibility is to help the special agents and the attorneys in preparation for trial. [She]'ll secure tax returns and documents that are maintained in the normal course of business. [She will] certify those documents, and then testify on behalf of the commissioner as a custodian of record regarding those specific documents." Transcript of Proceedings – Trial at 134, USA v. Kori Broady, 1:17-cr-63 (Apr. 10, 2018). Additionally, she interprets documents, so they are clear to the jury. Id. During her testimony Ms. Morgan testified as to the documents related to the Kuran Hadid El Estate, the Kuran Hadid El Legacy Trust, and to documents filed by individuals named Kori Broady, Kuran Hadid El, or Xavier De Indios.

During her testimony, Ms. Morgan discussed the documents Defendant filed, the assertions he made in those documents, and the tax refunds those documents demanded. She also explained the substance of the documents and the various other assertions made therein. For example, Ms. Morgan explained that a Form 1041, U.S. Income Tax Return Form is for estates and trusts. She explained that: the form was filed for the year 2010; it stated it was for the estate of Kuran Hadid El; it stated Family El Trustee was the Fiduciary; it averred the total income for the Estate was $1,630,711.00; it stated that 1,630,711.00 was paid in fiduciary fees; $543,570 federal income tax was withheld; and it made a refund request of $543,570. Transcript of Proceedings – Trial at 144-148, USA v. Kori Broady, 1:17-cr-63 (Apr. 10, 2018).

In addition to Ms. Morgan, a number of other witnesses testified for the Government. Among the Government's witnesses was Michael Schneider, a retired Special Agent with the Internal Revenue Service's Criminal Investigation's Division. Mr. Schneider testified that he became aware of Defendant's activities after he was contracted by a Bank of America branch manager in Chicago who told him Defendant was attempting to cash a suspicious U.S. Treasury refund check. On April 10, 2012, Mr. Schneider and his partner went to the Bank of America branch and met with Defendant.

During that meeting, Mr. Schneider and his partner spoke with Defendant. During that conversation, Defendant indicated that: he filed a Form 1041 which caused the refund check to be issued; he was entitled to the money pursuant to a bond issued to him at birth; he asked if he had broken the law; and he asked if he would be taken into custody. Ultimately, Mr. Schneider and his partner confiscated the check. Mr. Schneider's testimony went on to explain how Defendant eventually acquired and cashed other checks at other banks.

Following the close of the Government's case in chief, Defendant began to mount his defense. He recalled several Government witnesses, including Ms. Morgan, and re-examined them. During his questioning of Ms. Morgan, Defendant questioned her as to the process for physically processing paper tax returns; the process for regenerating a tax refund check that is not cashed; and her familiarity with record keeping at the IRS. Eventually, Defendant rested his case. The Government chose not to redirect and following closing arguments and jury instructions the matter was turned over to the Jury. On April 12, 2018, the Jury returned a guilty verdict on all five counts in the indictment.

**On Appeal**

Following the conclusion of the jury trial Defendant appealed his conviction to the U.S. Court of Appeals for the Seventh Circuit. On May 22, 2018, the Seventh Circuit dismissed Defendant's appeal pursuant to Federal Rule of Appellate Procedure 42(b). On June 11, 2018, Defendant filed the instant motion.

## ANALYSIS

Defendant's motion for a new trial is brought pursuant to Federal Rule of Criminal Procedure 33(a). He argues: he has recently discovered evidence of perjured testimony by a prosecution witness; that the prosecution suborned perjury; and the Judge abused his discretion during the *voir dire* process.

**Standard of Decision**

Rule 33 permits a district court to vacate a judgment and conduct a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within [three] years after the verdict or finding of guilty." Id. at 33(b)(1). A motion for a new trial for any other reason must be brought within fourteen days of the verdict. Id. at 33(b)(2).

**Newly Discovered Evidence**

First, Defendant argues that he has recently discovered evidence that contradicts the testimony of Ms. Morgan. In his Motion, Defendant avers that there was an investigation by an employee or employees of the IRS into the reissuance of multiple checks sent to Defendant. Moreover, the checks were issued by an individual or individuals and not via an automated process as Ms. Morgan testified. He concludes that "[i]n determining the nature of the [D]efendant's conduct, did the [D]efendant knowingly commit theft. The [D]efendant could not

4

knowingly convert money to his own use which he *knew* he was not entitled; if [D]efendant was under the impression he had been absolved of alleged fraud following an investigation." Mot. for New Trial and Amendment of Judgement, 2 (emphasis in original).

The evidence, two letters sent from the IRS ("Letters"), was re-discovered by Defendant weeks after the conclusion of his trial, stored among his belongings in his garage. He argues that the correspondence "proves Mrs. Morgan gave false testimony alleging personal knowledge of a material fact, which influenced the jury's verdict." Id. And, moreover, that the evidence is exculpatory evidence, available to the government which failed to turn it over in violation of Brady v. Maryland. See 373 U.S. 83 (1963).

First, the Court dismisses Defendant's Brady argument. Defendant is essentially arguing that the Government had a duty to tell him about the Letters already in his possession. "Brady requires disclosure only of exculpatory material known to the government but not to the defendant." United States v. Mahalick, 498 F.3d 475, 478–79 (7th Cir. 2007).

To succeed on a motion for a new trial based on newly discovered evidence, "[t]he defendant must show that the evidence (1) came to [his] knowledge only after trial; (2) could not have been discovered sooner and [he] exercised due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." United States v. Reed, 2 F.3d 1441, 1451 (7th Cir. 1993) (quoting United States v. Van Daal Wyk, 840 F.2d 494, 500 (7th Cir. 1988). That is to say, "[n]ewly discovered evidence must be newly discovered." United States v. Ellison, 557 F.2d 128, 133 (7th Cir. 1977).

Here, Defendant admits that the newly discovered evidence was in his possession during the time of trial. He states that it was in storage in his garage and argues that his conduct once the checks were reissued—the cashing of the checks and spending of the money—was driven by

5

his receipt of the two Letters. This serves to undercut his argument that the Letters are newly discovered evidence. By his own admission they were in his possession and he knew about them during the course of his jury trial; clearly Defendant had knowledge of this evidence during the trial. See United States v. Owen, 500 F.3d 83, 89–90 (2d Cir. 2007) ("One does not 'discover' evidence after trial that one was aware of prior to trial. To hold otherwise stretches the meaning of the word 'discover' beyond its common understanding."). Accordingly, Defendant cannot meet the first two prongs of the test articulated by the Seventh Circuit. While this is sufficient to find that Defendant cannot prevail on his motion for a new trial based on the newly discovered evidence; due to Defendant's accusation that Ms. Morgan committed perjury and the prosecution suborned perjury, the Court looks to whether this "newly discovered evidence" supports those accusations.

**Ms. Morgan's "False Testimony"**

The Seventh Circuit "has formulated a more specific standard in situations where the newly discovered evidence purports to refute false trial testimony: (a) The court is reasonably well satisfied that the testimony given by a material witness is false. (b) That the jury might have reached a different conclusion. (c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." Van Daal Wyk, 840 F.2d at 500 (quoting United States v. Nero, 733 F.2d 1197, 1202 (7th Cir. 1984)).

To support the argument that Ms. Morgan knowingly gave false testimony, and the prosecution solicited/suborned such testimony, Defendant points to her testimony about the process of issuing replacement checks in the event a tax refund check goes uncashed. In her testimony, Ms. Morgan spoke to the automated process which occurs in the event that a refund

check remains uncashed for a year, wherein a computer system automatically recognizes the account is unresolved and reissues a check to satisfy the outstanding balance. Transcript of Proceedings – Trial at 159-165, USA v. Kori Broady, 1:17-cr-63 (Apr. 10, 2018); Transcript of Proceedings – Trial at 428-429., USA v. Kori Broady, 1:17-cr-63 (Apr. 11, 2018). Defendant argues that the Letters contradict this testimony and instead show that a lengthy investigation occurred wherein Defendant was cleared of any wrongdoing and afterwards was reissued a check for the original amount.

The purported "newly discovered evidence" fails to support Defendant's argument. The Letters were sent by the IRS in response to Defendant's filing of a Form 3911, which stated that that the first refund check, in the amount of $543,470.00, was lost, stolen, or destroyed—this assertion is in direct contradiction to the evidence presented during Mr. Schneider's testimony about his initial meeting with Defendant; that the checks were confiscated by Mr. Schneider and his partner who determined that they had been procured by fraud.

The Letters state that: "[i]f the check hasn't been cashed, and you owe no other taxes of other liabilities that we are required to collect you will receive a replacement check by [DATE]. *If the check has been cashed*, Financial Management Service (FMS) will send you a copy of the cashed check and a claim form. *If an unauthorized person has cashed the check, it will take some time to issue a new one after you return the claim form because FMS must do a lengthy investigation*[.]" Gov.'s Resp. to Def.'s Mot for New Trial and Amendment of Judgement, 12 (emphasis in originals); Mot. for New Trial and Amendment of Judgement, Ex. A, 1 & 3.

The contents of the Letters directly contradict the argument advanced by Defendant and fails to satisfy the test articulated by the Seventh Circuit in Van Daal Wyk. 840 F.2d at 500. The Letters fail to support any argument that either Ms. Morgan's testimony was false or indicate

that a reasonable jury could possibly have reached a different conclusion if the Letters were presented at trial. Moreover, at no point in either Defendant's cross examination of the Government's witnesses, or direct examinations during his case in chief, did he broach the Letters or an investigation that might have taken place prior to their reissue.

Because Defendant has not shown and cannot show that the Letters either constitute newly discovered evidence or purport to refute false trial testimony, his motion for a new trial pursuant to Rule 33 based on newly discovered evidence is denied.

**Prosecutorial Misconduct**

As a preliminary matter, while Rule 33 requires a motion for a new trial for any other reason to be brought within fourteen days of the verdict, on April 26, 2018, the Court approved Defendant's timely motion for an extension of time to file post-trial motions.

In addition to his argument for a new trial based on "newly discovered evidence," Defendant suggests that the prosecution, in concert with Ms. Morgan, colluded to provide false testimony to secure his conviction. This argument is baseless. Defendant's argument that he should be granted a new trial based on prosecutorial misconduct goes hand-in-hand with his argument that the Letters contradict Ms. Morgan's testimony. Instead of delving into Defendant's argument the Court simply adopts the reasoning above, noting that the contents of the Letters directly contradict Defendant's characterization of the same. Accordingly, Defendant's motion for a new trial pursuant to Rule 33 based onprosecutorial misconduct is denied.

**The Judge's Abuse of Discretion.**

Defendant's final argument in support of his motion for a new trial is that during the *voir dire* process the Judge abused his discretion when he prohibited Defendant from inquiring into

8

questions of religion. He argues that since the Court did not allow him to pursue a defense based on his religious belief, he was impermissibly restricted in his ability to mount an affirmative defense. This argument is without basis.

This argument is belied by the course of Defendant's case and his conduct at trial. In Defendant's May 26, 2017 Omnibus Motion, he argued that:

> "[A]ny evidence obtained as to any alleged affiliation to any religious group specifically, the MOORISH SCIENCE TEMPLE OF AMERICA, should be considered to be irrelevant on the grounds that it in no way supports the allegations. The indictment has in no way expressed or implied that such affiliation is a contributing factor to the alleged "scheme". The use of any documents suggesting such, may result in undue prejudice by the court, as the court may not be sympathetic to the religious beliefs of the Respondent."

Omnibus Mot., 5, ECF No. 30. And again, in Defendant's March 16, 2018 Motion in Limine, Defendant requested the Court "precluded [the Government] from making any reference before the jury on any alleged affiliation to any religious or social group." Mot. in Lim., 1(a).

Moreover, at no time before, during, or after trial did Defendant proffer any theory of defense, let alone one religious in nature. See United States v. Al-Shahin, 474 F.3d 941, 947 (7th Cir. 2007) ("in a criminal case [Defendant] is entitled to have the jury consider any theory of defense which is supported by the law and which has some foundation in the evidence, however tenuous.") (citing United States v. Briscoe, 896 F.2d 1476, 1512 (7th Cir. 1990)). Accordingly, because issues of religion were twice excluded from the subject matter of the case at Defendant's request and Defendant failed to even raise such a defense, he cannot now motion for a new trial

9

because he was prohibited from inquiring about the Jury's ability to evaluate religious issues.

## CONCLUSION

Because Defendant has neither presented newly discovered evidence nor shown any other reason why the interest of justice would require a new trial, his motion is denied. Defendant's sentencing remains set for August 22, 2018 at 10:00 a.m.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 13, 2018